1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

9  STEVEN R. MAGALLON,                          CASE NO. 1:11-cv-01360 GSA PC

10                          Plaintiff,          ORDER DISMISSING COMPLAINT, WITH
                                                LEAVE TO FILE AMENDED COMPLAINT
11        v.                                    WITHIN TWENTY DAYS

12  C. SCHUYLER, et al.,                        (ECF No. 1)

13                          Defendants.
                                        /
14

15                              **Screening Order**

16  **I.    Screening Requirement**

17          Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action

18  pursuant to 42 U.S.C. § 1983.   Plaintiff has consented to magistrate judge jurisdiction pursuant to

19  28 U.S.C. § 636(c).

20          The Court is required to screen complaints brought by prisoners seeking relief against a

21  governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The

22  Court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally

23  "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek

24  monetary relief from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).

25  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall

26  dismiss the case at any time if the court determines that . . . the action or appeal . . . fails to state a

27  claim upon which relief may be granted."  28 U.S.C. § 1915(e)(2)(B)(ii).

28  ///

                                                1

"Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions," none of which applies to section 1983 actions. Swierkiewicz v. Sorema N. A., 534 U.S. 506, 512 (2002); Fed. R. Civ. P. 8(a). Pursuant to Rule 8(a), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a). "Such a statement must simply give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." Swierkiewicz, 534 U.S. at 512. However, "the liberal pleading standard . . . applies only to a plaintiff's factual allegations." Neitze v. Williams, 490 U.S. 319, 330 n.9 (1989). "[A] liberal interpretation of a civil rights complaint may not supply essential elements of the claim that were not initially pled." Bruns v. Nat'l Credit Union Admin., 122 F.3d 1251, 1257 (9th Cir. 1997) (quoting Ivey v. Bd. of Regents, 673 F.2d 266, 268 (9th Cir. 1982)).

**II.    Plaintiff's Claims**

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Kern Valley State Prison, brings this civil rights action against Lieutenant Schuyler, employed by the CDCR at CCI Tehachapi ,and Matthew Cate, CDCR Secretary.  Plaintiff claims that he has been denied adequate access to the law library.

Plaintiff alleges that while housed on Facility A at CCI from September of 2009 to October of 2010, he went to the law library "at least once a week."  Plaintiff alleges that he visited the library to perform legal research on his own behalf and for other inmates.   On November 3, 2010, Plaintiff was advised that unless he had a legal deadline, he would not be allowed law library access unless he visited the library during his outdoor recreation time.   From November 3, 2010, to February 2, 2011, Facility A had "no program days" every Monday and Wednesday.  On those days, Plaintiff was not allowed yard time, and could not access the law library.

On December 13, 2010, Plaintiff spoke to Lt. Schuyler about the new policy, explaining that he was being forced to choose between yard time and law library access.   Lt. Schuyler did not change the policy.  Plaintiff alleges that from November 3, 2010 through February 2, 2011, he was conducting legal research "into how to retrieve material exculpatory evidence that he believes the prosecution failed to disclose in his criminal case that resulted in his sentence to state prison."

///

## A.   <u>Access to Courts</u>

Because states must ensure indigent prisoners meaningful access to the courts, prison officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from persons trained in the law.  <u>Bounds v. Smith</u>, 430 U.S. 817, 828 (1977).  Under prior law, <u>Bounds</u> was treated as establishing "core requirements," such that a prisoner alleging deprivation of the <u>Bounds</u> minima need not allege actual injury to state a constitutional claim.  <u>Sands v. Lewis</u>, 886 F.2d 1166, 1171 (9th Cir. 1989).  Recent Supreme Court precedent abolishes such approach, however, providing that all inmate claims for interference with access to the court include "actual injury" as an element.  <u>Casey v. Lewis</u>, 518 U.S.343  (1996).

To establish a <u>Bounds</u> violation, a prisoner must show that his prison's law library or legal assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim.  <u>Casey</u>, <u>supra</u>, 518 U.S. 343, 347.  The right of access does not require the State to "enable the prisoner to <u>discover</u> grievances" or to "<u>litigate effectively</u> once in court."   The <u>Casey</u> Court further limits the right of access to the courts, as follows:

> Finally, we must observe that the injury requirement is not satisfied by just any type of frustrated legal claim .... <u>Bounds</u> does not guarantee inmates the wherewithal to transform themselves into litigating engines capable of filing everything from shareholder derivative actions to slip-and-fall claims.  The tools it requires to be provided are those that the inmates need in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement.  Impairment of any <u>other</u> litigating capacity is simply one of the incidental (and perfectly constitutional) consequences of conviction and incarceration.

<u>Casey</u>, <u>supra</u>, 518 U.S. at 346.

Here, Plaintiff fails to allege facts indicating actual injury.  Plaintiff alleges that his access has been restricted, but does not allege any facts suggesting that he has been denied all access.  Further, Plaintiff fails to indicate how his restricted access resulted in any denial of his challenge to his conviction.  Plaintiff's vague reference to legal research regarding exculpatory material fails to establish actual injury.  Plaintiff must allege some facts indicating that a specific challenge to his conviction was denied, and that the denial resulted from the conduct of a named defendant.  Plaintiff does not identify how he is challenging his conviction - what action he filed, where he filed the

1   action, the case number, and the status.  Because Plaintiff has failed to allege facts sufficient to state

2   a claim for relief, the complaint must be dismissed.  Plaintiff will, however, be granted an

3   opportunity to file an amended complaint that cures these deficiencies.

4          Plaintiff need not, however, set forth legal arguments in support of his claims.  In order to

5   hold an individual defendant liable, Plaintiff must name the individual defendant, describe where

6   that defendant is employed and in what capacity, and explain how that defendant acted under color

7   of state law.  Plaintiff should state clearly, in his or her own words, what happened. Plaintiff must

8   describe what each defendant, *by name*, did to violate the particular right described by Plaintiff.

9   Plaintiff has failed to do so here.

10         **B.     Supervisory Liability**

11         Plaintiff names as a defendant the Secretary of the CDCR.  Under section 1983, Plaintiff

12   must prove that the Defendants holding supervisory positions personally participated in the

13   deprivation of his rights.  Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002).  There is no

14   respondeat superior liability, and each defendant is only liable for his or her own misconduct.

15   Ashcroft v. Iqbal, 556 U.S. 662, 673 (2009).  A supervisor may be held liable for the constitutional

16   violations of his or her subordinates only if he or she "participated in or directed the violations, or

17   knew of the violations and failed to act to prevent them."  Taylor v. List, 880 F.2d 1040, 1045 (9th

18   Cir. 1989); also Corales v. Bennett, 567 F.3d 554, 570 (9th Cir. 2009); Preschooler II v. Clark

19   County School Board of Trustees, 479 F.3d 1175, 1182 (9th Cir. 2007); Harris v. Roderick, 126 F.3d

20   1189, 1204 (9th Cir. 1997).  Plaintiff has not alleged any facts suggesting personal participation by

21   Secretary Cate.  He should therefore be dismissed.

22   **III.   Conclusion and Order**

23         The Court has screened Plaintiff's complaint and finds that it does not state any claims upon

24   which relief may be granted under section 1983.  The Court will provide Plaintiff with the

25   opportunity to file an amended complaint curing the deficiencies identified by the Court in this order.

26   Noll v. Carlson, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Plaintiff is cautioned that he may not

27   change the nature of this suit by adding new, unrelated claims in his amended complaint.  George,

28   507 F.3d at 607 (no "buckshot" complaints).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights, Hydrick, 500 F.3d at 987-88.   Although accepted as true, the "[f]actual allegations must be [sufficient] to raise a right to relief above the speculative level . . . ."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 554 (2007) (citations omitted).

Finally, Plaintiff is advised that an amended complaint supercedes the original complaint, Forsyth v. Humana, Inc., 114 F.3d 1467, 1474 (9th Cir. 1997); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987), and must be "complete in itself without reference to the prior or superceded pleading," Local Rule 15-220.  Plaintiff is warned that "[a]ll causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." King, 814 F.2d at 567 (citing to London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981)); accord Forsyth, 114 F.3d at 1474.

Accordingly, based on the foregoing, it is HEREBY ORDERED that:

1.    Plaintiff's complaint is dismissed, with leave to amend, for failure to state a claim;

2.    The Clerk's Office shall send to Plaintiff a complaint form;

3.    Within twenty days from the date of service of this order, Plaintiff shall file an amended complaint;

4.    Plaintiff may not add any new, unrelated claims to this action via his amended complaint and any attempt to do so will result in an order striking the amended complaint; and

5.    If Plaintiff fails to file an amended complaint, the Court will dismiss this action, with prejudice, for failure to state a claim.

IT IS SO ORDERED.

**Dated:   April 4, 2012**                      **/s/ Gary S. Austin**
                                                                   UNITED STATES MAGISTRATE JUDGE