# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN R. MAGALLON,<br><br>    Plaintiff,<br><br>  v.<br><br>C. SCHUYLER, et al.,<br><br>    Defendants.<br>_____/ | CASE NO. 1:11-cv-01360 GSA PC<br><br>ORDER DISMISSING ACTION FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED |

## I.     Procedural History

Plaintiff is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.   Plaintiff has consented to magistrate judge jurisdiction pursuant to 28 U.S.C. § 636(c).  Pending before the Court is Plaintiff's April 18, 2012, first amended complaint, filed in response to the April 4, 2012, order dismissing the original complaint with leave to amend.

## II.    Claims

Plaintiff, an inmate in the custody of the California Department of Corrections and Rehabilitation at Kern Valley State Prison, brings this civil rights action against Defendant Lieutenant Schuyler, employed by the CDCR at CCI Tehachapi.  Plaintiff claims that he has been denied adequate access to the law library.

Plaintiff alleges that while housed on Facility A at CCI from September of 2009 to October of 2010, he went to the law library "at least once a week."  Plaintiff alleges that he visited the library to perform legal research on his own behalf and for other inmates.   On November 3, 2010, Plaintiff

1  was advised that unless he had a legal deadline, he would not be allowed law library access unless
2  he visited the library during his outdoor recreation time.  From November 3, 2010, to February 2,
3  2011, Facility A had "no program days" every Monday and Wednesday. On those days, Plaintiff was
4  not allowed yard time, and could not access the law library.

5        On December 13, 2010, Plaintiff spoke to Lt. Schuyler about the new policy, explaining that
6  he was being forced to choose between yard time and law library access.  Lt. Schuyler did not
7  change the policy.  Plaintiff alleges that from November 3, 2010 through February 2, 2011, he was
8  conducting legal research "into how to retrieve material exculpatory evidence that he believes the
9  prosecution failed to disclose in his criminal case that resulted in his sentence to state prison."

10     **A.**    **Access to Courts**

11       Because states must ensure indigent prisoners meaningful access to the courts, prison
12 officials are required to provide either (1) adequate law libraries, or (2) adequate assistance from
13 persons trained in the law.  Bounds v. Smith, 430 U.S. 817, 828 (1977).  Under prior law, Bounds
14 was treated as establishing "core requirements," such that a prisoner alleging deprivation of the
15 Bounds minima need not allege actual injury to state a constitutional claim.  Sands v. Lewis, 886
16 F.2d 1166, 1171 (9th Cir. 1989).  Recent Supreme Court precedent abolishes such approach,
17 however, providing that all inmate claims for interference with access to the court include "actual
18 injury" as an element.  Casey v. Lewis, 518 U.S.343  (1996).

19       To establish a Bounds violation, a prisoner must show that his prison's law library or legal
20 assistance program frustrated or impeded his ability to pursue a nonfrivolous legal claim.  Casey,
21 supra, 518 U.S. 343, 347.  The right of access does not require the State to "enable the prisoner to
22 discover grievances" or to "litigate effectively once in court."  The Casey Court further limits the
23 right of access to the courts, as follows:

24         Finally, we must observe that the injury requirement is not satisfied
           by just any type of frustrated legal claim .... Bounds does not
25         guarantee inmates the wherewithal to transform themselves into
           litigating engines capable of filing everything from shareholder
26         derivative actions to slip-and-fall claims.  The tools it requires to be
           provided are those that the inmates need in order to attack their
27         sentences, directly or collaterally, and in order to challenge the
           conditions of their confinement.  Impairment of any other litigating
28         capacity is simply one of the incidental (and perfectly constitutional)

consequences of conviction and incarceration.

Casey, supra, 518 U.S. at 346.

In the April 4, 2012, order, the Court noted that Plaintiff failed to allege facts indicating actual injury. Plaintiff alleged that his access had been restricted, but did not allege any facts suggesting that he has been denied all access. Further, Plaintiff failed to indicated how his restricted access resulted in any denial of his challenge to his conviction. Plaintiff's vague reference to legal research regarding exculpatory material failed to establish actual injury. Plaintiff was advised that he must allege some facts indicating that a specific challenge to his conviction was denied, and that the denial resulted from the conduct of a named defendant. Plaintiff did not identify how he is challenging his conviction - what action he filed, where he filed the action, the case number, and the status. Because Plaintiff failed to allege facts sufficient to state a claim for relief, the complaint was dismissed.

In the first amended complaint, Plaintiff refers to a petition for writ of habeas corpus. Plaintiff specifically alleges that "From November 3, 2010 through February 2, 2011 I was prevented from filing a habeas corpus (Exhibit "A") and was impeded by Lt. Schuyler's new policy." Plaintiff alleges that "the claim was later denied on timeliness grounds which could have been prevented if Lt. Schuyler had not altered existing library policy."

Exhibit A includes a copy of the petition referred to by Plaintiff. The petition, filed in the Second District Court of Appeal and referencing Ventura Superior Court case number 2007004845. The Appellate Court denied that petition on January 10, 2012. The denial was a "postcard" or "jacket" denial, denying the petition on the merits. There is no indication by the court that the petition was denied as untimely. A review of the docket in the Court of Appeal indicates that the petition was filed on December 27, 2011, and denied on January 10, 2012. A petition for review was filed on January 23, 2012, the record was transmitted to the California Supreme Court on January 25, 2012, and denied on March 14, 2012.[1] Plaintiff's own exhibit indicates that the petition was filed

---

[1] The court may take judicial notice of court records in another case. Fed.R.Evid. 201; see United States v. Wilson, 631 F.2d 118, 119 (9th Cir.1980) (stating that a court may take judicial notice of court records in another case).

3

1  and denied. That the petition was denied does not subject Lt. Schuyler to liability for implementing a policy that allowed Plaintiff law library access only during Plaintiff's yard time. Plaintiff's own allegations indicate that, if he had a legal deadline, he would be allowed law library access in addition to any access he wanted during his yard time. Simply put, Plaintiff has not alleged any facts indicating that Lt. Schuyler's conduct prohibited Plaintiff from timely filing his petition.

Further, the Court notes that Plaintiff's petition is 32 pages long, and includes ample legal argument which the appellate court considered in denying his petition. Plaintiff also refers to a habeas petition he filed in federal court on September 23, 2010, in Magallon v. Gonzales, 2:10-cv-07296-SV-SS. In the January 18, 2012, report and recommendation, the Magistrate Judge noted the procedural history of Plaintiff's challenges to his underlying criminal conviction:

> On May 22, 2007, a Ventura County Superior Court jury found Petitioner guilty of street terrorism in violation of California Penal Code ("Penal Code") section 186.22(a), vandalism over $00 in violation of Penal Code section 594(b)(1), and possession of a deadly weapon in violation of Penal Code section 12020(a). (Petition at 2; CT 224, 226, 228, 236). The jury also found true the special allegations that the crimes of vandalism and possession of a deadly weapon were committed for the benefit of, at the direction of, or in association with a criminal street gang pursuant to Penal Code section 186.22(b)(1). (CT 226, 228). Petitioner admitted the prior conviction allegation under California's Three Strikes Law to be true. (CT 254). On October 19, 2007, the trial court sentenced Petitioner to a determinate term of eleven years and eight months in state prison. (Petition at 2; CT 327, 329).
>
> The California Court of Appeal affirmed the trial court's judgment in a reasoned opinion on June 16, 2009. (Lodgment B at 13). Petitioner then filed a petition for review in the California Supreme Court, which was denied without comment or citation to authority on September 23, 2009. (See Lodgment at C at 1; Lodgment D at 1).
>
> On December 7, 2009, Petitioner filed a habeas petition in the Ventura County Superior Court. (See Pet. Exh. D at 1). The superior court denied the petition on December 11, 2009 on the ground that it failed to state a prima facie case for relief. (Id.). On January 25, 2010, Petitioner filed a habeas petition in the California Court of Appeal. (See California Appellate Courts Case Information Website, Second Appellate District, Case No. B221835, http://appellatecases.courtinfor.ca.gov. The court of appeal denied the petition without comment or citation to authority on February 2, 2010. (Pet. Exh. E at 1).
>
> On February 10, 2010, Petitioner filed a habeas petition in the

>California Supreme Court. (Lodgment 9 at 1). While the first petition was pending, Petitioner filed a second habeas petition in the state supreme court on April 1, 2010. (2d Suppl. Lodg. 1 at 1). The supreme court denied all three habeas petitions on August 18, 2010. (See California Appellate Courts Case Information Website, http://appellatecases.courtinfo.ca.gov/, Case Nos. S180182, S181478 & S182226; Pet. Exhs. F, G, H; Lodgments 10 & F; 2d Suppl. Lodg. 2).
>
>The supreme court denied the first habeas petition, which raised only the claim in Ground Three of the Instant Petition, with citations to In re Waltreus, 62 Cal. 2d 218, 42 Cal. Rptr. 9 (1965), and In re Lindley, 29 Cal. 2d 709, 177 P. 2d. 918 (1947). (Lodgment 10 at 1; Pet. Exh. G at 1). The court denied the second habeas petition, which raised only the claims in grounds Five and Six, with a citation to In re Clark, 5 Cal. 4th 750, 21 Cal. Rptr. 2d 509 (1993). (Lodgment F at 1; Pet. Exh. F at 1). The court denied the third habeas petition, which raised only the claims in Grounds One, Two and Four, with citations to In re Miller, 17 Cal. 2d 734, 112 P. 2d 10 (1941), Waltreus, Lindley, and Clark. (2d Suppl. Lodg. 2 at 1; Pet. Exh. H at 1). Petitioner filed the instant federal petition on September 30, 2010).

It appears that Plaintiff had ample opportunity to challenge the validity of his underlying conviction. Plaintiff filed a direct appeal, an appeal in the appellate courts, and a Petition for Review in the California Supreme Court. His federal habeas challenge is now pending. Plaintiff fails to allege any conduct by Lt. Schuyler that caused him actual injury as that term is defined in Lewis. Plaintiff alleges in the first amended complaint that he was "prevented from filing a habeas corpus (Exhibit "A") and was impeded by Lt. Schuyler's new policy. The claim was later denied on timeliness grounds which could have been prevented if Lt. Schuyler had not altered existing policy." Plaintiff's allegation is belied by his own exhibit.[2] The petition submitted by Plaintiff was filed with the Second District Court of Appeal, and denied by that court. There is no indication that the appeal was dismissed as untimely. "When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary." Harrington v. Richter, 131 S. Ct. 770, 784-85 (2011), citing Harris v. Reed, 489 U.S. 255, 165 (1989). Any allegation of other theoretical possibilities for the denial is "pure speculation" that

---

[2] The court is not required to accept as true conclusory allegations which are contradicted by documents referred to in the complaint. See Lovell v. Chandler, 303 F.3d 1039, 1052 (9th Cir. 2002); Steckman v. Hart Brewing, 143 F.3d 1293, 1295-96 (9th Cir. 1998).

does not overcome the presumption. Harrington, 131 S.Ct. at 785. Plaintiff has therefore failed to allege any facts indicating that he suffered any injury within the meaning of Lewis.

### III.   Conclusion and Order

The Court has screened Plaintiff's first amended complaint and finds that it does not state cure the defects identified in the order dismissing the original complaint. Specifically, Plaintiff fails to allege any conduct by Lt. Schuyler that caused him any injury to his ability to access the courts. This action should therefore dismissed with prejudice for failure to state any claims upon which relief may be granted under section 1983. See Noll v. Carlson, 809 F. 2d 1446, 1448 (9th Cir. 1987) (prisoner must be given notice of deficiencies and opportunity to amend prior to dismissing for failure to state a claim).

Accordingly, IT IS HEREBY ORDERED that this action is dismissed for failure to state a claim upon which relief can be granted. The Clerk is directed to close this case.

IT IS SO ORDERED.

Dated:   **April 26, 2012**              /s/ Gary S. Austin
                                      UNITED STATES MAGISTRATE JUDGE